By the Court,
Monell, J.
We have inspected the orders of arrest in these actions, but are unable to determine from such inspection alone, whether the return, day was changed by the justice who made the orders or by the plaintiff’s attorney. The initials of the justice appear opposite the alteration, and, in the absence of proof to the contrary, we must presume they were put there by the. justice, at the time the alteration was made.
*670 Mr. Coleman, one of the plaintiffs attorneys, substantially swears so.
But the motions to vacate the orders of arrest do not appear to have been made upon any such ground. The irregularity, if it was such, was not pointed out in the moving papers, so 1 that the respondent could have met it by proof. The statement in the defendants’ affidavit, that at the time of his arrest the orders had no legal effect, for the reason that the return day had expired, was not a sufficient notice of the particular ground relied on. It is too late to take the objection on the appeal.
The affidavits of the plaintiff, or his clerk, standing alone, were not sufficient to authorize the orders of arrest; but taken in connection with, and supported by the proof of cotemporaneous acts of the defendant, a case of fraudulent intent is clearly made out. Ootemporaneous acts are always competent as evidence to sustain a charge of fraud. The defendant, although he denies generally any fraudulent intent, leaves undenied and unexplained much of the indicia of fraud sworn to by Brady, Ungrich, Keller and McMann. The defendant has failed to satisfy me that he honestly contracted the debts to recover which these actions were brought. And I am, therefore, of opinion that the orders appealed from should be affirmed, •with ten dollars costs in each case.